**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                                  Chapter 13

Kenneth Leslie Bierman, Jr and
Cheryl Ann Bierman,
    Debtors.                                                                      Case No: 18-30152

---

NOTICE OF PRE-CONFIRMATION CHAPTER 13
MODIFICATION OF PLAN

---

To:    Gregory A Burrell, Chapter 13 Trustee, and all parties in interest:

PLEASE TAKE NOTICE THAT on Thursday, July 12, 2018, at 10:30 AM before the Honorable Judge Katherine A. Constantine, in Courtroom 2C, 2nd floor, 316 North Robert Street, St. Paul, MN 55101, the Court will hold a hearing on the proposed modified plan of the above-named debtor.  A copy of the modified plan dated June 12, 2018 is attached.

Dated: June 12, 2018                  /e/ Nicole Anderson
                                            ANDERSON & ASSOCIATES, LLC
                                            Nicole Anderson
                                            Attorney ID 0336038
                                            1650 11th Ave SW, Suite 203
                                            Forest Lake, MN 55025
                                            Telephone: 651-464-8510
                                            Facsimile: 651-464-8513

| | United States Bankruptcy Court<br>District of Minnesota, St. Paul Division<br>**CHAPTER 13 PLAN** |
|---|---|
| **IN RE:** | Case No. **18-30152** |
| | CHAPTER 13 PLAN **[X]** Modified |
| **Bierman,, Kenneth Leslie Jr. & Bierman, Cheryl Ann**<br>                             Debtor(s) | Dated: **June 12, 2018** |

In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | [X] Included | [ ] Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE** –
2.1 As of the date of this plan, the debtor has paid the trustee $ **0.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **varies**[1] per month for **59** months, beginning in **February** of **2018** for a total of $ **25,900.00**. The initial plan payment is due not later then 30 days after the order for relief.
2.3 The minimum plan length is 36 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee: **n/a**
2.5 The debtor will pay the trustee a total of $ **25,900.00** [line 2.1 + 2.2 + 2.4].
[1] **12 payments of $200.00 followed by 47 payments of $500.00**

**Part 3. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,590.00** , [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   **None**

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365)** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| *Creditor* | *Description of Property* |
|---|---|
| **Ford Motor Credit** | **2016 Ford Focus (debtor co-signed on son's vehicle)** |

**Part 6. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay directly to the creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

   **None**

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** – The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Federal National Mortgage Association** | 18,264.62 | | 13 | 45 | 18,264.62 |
| TOTAL | | | | | **18,264.62** |

**Part 8.  CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e))** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay all payments that come due after the date the petition was filed. payments that come due after the date the petition was filed. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate* .

   **None**

**Part 9.  SECURED CLAIMS SUBJECT TO MODIFICATION("CRAMDOWN") PURSUANT TO § 506(§1325(a)(5)) (secured claim amount in plan this Part controls over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amounts listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

   **None**

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

   **None**

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10) including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Anderson & Associates, LLC** | **2,500.00** | **180** | **1** | **14** | **2,500.00** |
| **Internal Revenue Service** | **1,873.89** | | | | **1,873.89** |
| **Minnesota Department of Revenue** | | | | | |
| TOTAL | | | | | **4,373.89** |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates**. The trustee will pay the amounts actually allowed.

   **None**

**Part 13. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

   **None**

**Part 14. TIMELY FILED UNSECURED CLAIMS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **671.49** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **2,672.89**.
14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $ **11,766.84**.
14.3    Total estimated unsecured claims are $ **14,439.73** [line 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS** – All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14 will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral on the effective date of confirmation.

| Creditor | Description of Property |
|---|---|
| **Ford Motor Credit** | **Lease - 2015 Ford Focus** |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

**a. Tax Refunds: The debtor shall provide the trustee with copies of the debtor's federal and state income tax returns annually for the duration of the chapter 13 case. The debtor may keep the first $2,000.00 of the refund. Any amount in excess of $2,000.00 shall be paid to the trustee as an additional plan payment.**

**b. In the event of the surrender, foreclosure, repossession or return of any collateral to any secured creditor listed in the parts above, for any reason, the creditor may amend its Proof of Claim to a general unsecured claim and the Trustee shall pay the claim as a general unsecured claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor receiving a discharge in this case.**

| Class of Payment | Amount to be paid |
|---|---:|
| **SUMMARY OF PAYMENTS** – | |
| Payments by trustee [Part 3] | $ **2,590.00** |
| Home Mortgage in default [Part 7] | $ **18,264.62** |
| Claims in Default [Part 8] | $ **0.00** |
| Secured Claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ **0.00** |
| Secured Claims excluded from § 506 [Part 10] | $ **0.00** |
| Priority Claims [Part 11] | $ **4,373.89** |
| Domestic Support Obligation Claims [Part 12] | $ **0.00** |
| Separate Classes of Unsecured Creditors [Part 13] | $ **0.00** |
| Timely filed Unsecured Claims [Part 14] | $ **671.49** |
| TOTAL (must equal line 2.5) | $ **25,900.00** |

| | |
|---|---|
| Certification regarding non-standard provisions: I certify that this plan contains no non-standard provision except as placed in Part 17. | |
| | Signed: /s/ Kenneth Leslie Bierman, Jr. |
| | Debtor 1 |
| Signed: /s/ Nicole Anderson | Signed: /s/ Cheryl Ann Bierman |
| Attorney for debtor(s) or debtor if pro se | Debtor2 |

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Kenneth Leslie Bierman Jr. and
Cheryl Ann Bierman

Case No. 18-30152

Debtor(s).

## SIGNATURE DECLARATION

- [ ] PETITION, SCHEDULES & STATEMENTS
- [ ] CHAPTER 13 PLAN
- [ ] VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
- [ ] AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- [x] MODIFIED CHAPTER 13 PLAN
- [ ] OTHER: PLEASE DESCRIBE: _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6/11/18

x _(signed)_  
Signature of Debtor 1 or Authorized Representative

KENNETH L BIERMAN  
Printed name of Debtor 1 or Authorized Representative

x _(signed)_  
Signature of Debtor 2

Cheryl A Bierman  
Printed Name of Debtor 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: KENNETH LESLIE BIERMAN, JR<br>CHERYL ANN BIERMAN | CASE NO: 18-30152<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 6/12/2018, I did cause a copy of the following documents, described below,

Notice of Pre-confirmation Chapter 13 Modification of Plan and Amended Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/12/2018

/s/ Nicole Anderson
Nicole Anderson  0336038

Anderson & Associates, LLC
1650 11th Ave SW, Ste 203
Forest Lake, MN  55025
651 464 8510

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: KENNETH LESLIE BIERMAN, JR
CHERYL ANN BIERMAN

CASE NO: 18-30152

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 6/12/2018, a copy of the following documents, described below,

Notice of Pre-confirmation Chapter 13 Modification of Plan and Amended Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/12/2018

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Nicole Anderson
Anderson & Associates, LLC
1650 11th Ave SW, Ste 203
Forest Lake, MN  55025

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br>LABEL MATRIX FOR LOCAL NOTICING<br>08643<br>CASE 18-30152<br>DISTRICT OF MINNESOTA<br>ST PAUL<br>TUE JUN 12 12-23-48 CDT 2018 | CAB WEST LLC AS SERVICED BY FORD MOTOR<br>CREDI<br>CO STEWART ZLIMEN  JUNGERS LTD<br>2860 PATTON ROAD<br>ROSEVILLE MN 55113-1100 | FEDERAL NATIONAL MORTGAGE ASSN<br>25 DALE STREET N<br>ST PAUL MN 55102-2227 |
| EXCLUDE<br>ST PAUL<br>200 WARREN E BURGER FEDERAL BUILDING AND<br>US COURTHOUSE<br>316 N ROBERT ST<br>ST PAUL MN 55101-1465 | BLAKE BIERMAN<br>13544 FIONA CIR N<br>HUGO MN 55038-9258 | CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CAPITAL ONE<br>ATTN GENERAL CORRESPONDENCEBANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CARDWORKSCW NEXUS<br>ATTN BANKRUPTCY<br>PO BOX 9201<br>OLD BETHPAGE NY 11804-9001 | CREDIT ONE BANK NA<br>PO BOX 98873<br>LAS VEGAS NV 89193-8873 |
| CREDIT ONE BANK NA<br>PO BOX 98875<br>LAS VEGAS NV 89193-8875 | FIRST NATIONAL BANK<br>ATTN FNN LEGAL DEPT<br>1620 DODGE ST MSC CODE3290<br>OMAHA NE 68102-1593 | FNB OMAHA<br>PO BOX 3412<br>OMAHA NE 68103-0412 |
| FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | FRD MOTOR CR<br>PO BOX 542000<br>OMAHA NE 68154-8000 | FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>CO SETERUS INC<br>PO BOX 1047<br>HARTFORD CT 06143-1047 |
| FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE STREET STOP CODE 3105<br>OMAHA NE 68197-0002 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATION<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | LENDING CLUB CORP<br>71 STEVENSON ST STE 300<br>SAN FRANCISCO CA 94105-2985 |
| LVNV FUNDING LLC ITS SUCCESSORS AND ASSIGNS<br>ASSIGNEE OF MHC RECEIVABLES LLC AND FNBM LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | LENDINGCLUB CORPORATION<br>71 STEVENSON STREET SUITE 1000<br>SAN FRANCISCO CA 94105-2967 | MERRICK BANK<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10368<br>GREENVILLE SC 29603-0368 |
| MINNESOTA DEPARTMENT OF REVENUE<br>BANKRUPCTY SECTION<br>PO BOX 64447<br>SAINT PAUL MN 55164-0447 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN MI 48090-2011 | SETERUS INC<br>14523 SW MILLIKAN WAY ST<br>BEAVERTON OR 97005-2352 |
| SETERUS INC<br>ATTN BANKRUPTCY<br>PO BOX 1077<br>HARTFORD CT 06143-1077 | THE ACADEMY LAW GROUP PA<br>25 DALE ST N<br>SAINT PAUL MN 55102-2227 | US TRUSTEE<br>1015 US COURTHOUSE<br>300 S 4TH ST<br>MINNEAPOLIS MN 55415-3070 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL.
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CHERYL ANN BIERMAN
13544 FIONA CIR N
HUGO MN 55038-9258

GREGORY A BURRELL
100 SOUTH FIFTH STREET
SUITE 480
MINNEAPOLIS MN 55402-1250

DEBTOR
KENNETH LESLIE BIERMAN JR
13544 FIONA CIR N
HUGO MN 55038-9258

~~EXCLUDE~~

~~NICOLE L ANDERSON~~
~~1650 11TH AVE SW~~
~~SUITE 203~~
~~FOREST LAKE MN 55025-2106~~